UNITED STATES v. T. J. McGRATH & Co. (No. 3014[1])

[1] T. D. 42755.

United States Court of Customs Appeals, May 7, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Philip Stein* and *James R. Ryan*, special attorneys, of counsel), for the United States.
*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellee.

[Oral argument February 14, 1928, by Mr. Ryan]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Artificial silk braids imported on the 21st of June, 1922, were entered for warehouse on the 26th of July, 1922, and assessed by the collector for duty at 60 per centum ad valorem under paragraph 319 of the Tariff Act of 1913. On the 12th of September, 1922, the braids were entered for consumption and the duty assessed thereon by the collector was fully paid on September 19, 1922, whereupon the collector issued to the importing firm a permit authorizing it to withdraw the merchandise from customs custody. Subsequent to the payment of duties and the release of the merchandise the importing firm, finding that the braids were of higher quality than the invoiced goods requested leave of the deputy collector on October 16, 1922, to amend the consumption entry. The deputy collector informed the importing firm that an amendment to the consumption entry could not be made, inasmuch as the duties had been fully paid, and directed the importer to make a supplementary entry which would be liquidated in connection with the original consumption entry. On February 1, 1923, the supplementary entry was liquidated in conjunction with the original consumpion entry at *60 per centum ad valorem under paragraph 319 of the Tariff Act of 1913*. The collector's letter transmitting the protest to the Board of General Appraisers states that the importer took physical possession of the goods on October 17, 1922. On October 2, 1923, 8 months after that liquidation and 14 months after the original entry of the goods, the collector reliquidated the entry and assessed the goods with duty at 90 per centum ad valorem under the provisions of paragraph 1430 *of the Tariff Act of 1922*. On November 16 and within 60 days after the reliquidation, the importer protested that as the goods were imported prior to September 21, 1922, they were dutiable at 60 per centum ad valorem under paragraph 319 *of the Tariff Act of 1913*. The United States Customs Court sustained the protest and the Government appealed.

In support of its appeal the Government contends, first, that if the goods were actually in warehouse on September 21, 1922, they were in customs custody and, therefore, subject to the duties imposed by the Tariff Act of 1922; second, that if the goods were not in customs custody on the 21st of September, 1922, and were imported under the Tariff Act of 1913, the protest provisions of the act of 1922 are inapplicable and the protest should have been filed within 30 days after the reliquidation was made.

The silk braids in this case were imported into the country in July, 1922, and were entered for consumption on the 12th of September, 1922. The duties charged against the importation were paid on the 19th of September, 1922, and a permit for the delivery of the merchandise to the importer was issued by the collector on that date. As the goods were imported and entered prior to September 21, 1922, and as before that date the duties thereon had been paid, and a permit issued, authorizing delivery thereof to the importer, it is clear that the importation was not dutiable under the Tariff Act of 1922 or subject to the provisions of section 319 of that act which reads as follows:

SEC. 319. That on and after the day when this act shall go into effect all goods, wares, and merchandise previously imported, for which no entry has been made, and all goods, wares, and merchandise previously entered without payment of duty and under bond for warehousing, transportation, or any other purpose, for which no permit of delivery to the importer or his agent has been issued, shall be subjected to the duties imposed by this act and to no other duty upon the entry or the withdrawal thereof: *Provided*, That when duties are based upon the weight of merchandise deposited in any public or private bonded warehouse, said duties shall be levied and collected upon the weight of such merchandise at the time of its entry.

The fact that the goods were entered at a quality and value which was not their true quality and value did not make the entry void. An entry of that kind simply warranted the liquidation of the entry on the basis of the appraised value and actual quality of the goods. Such a liquidation was made on the 1st of February, 1923, and thereby the goods were subjected to a duty of 60 per centum ad valorem as prescribed by paragraph 319 of the Tariff Act of 1913. As the braids were dutiable under the Tariff Act of 1913, the reliquidation of their entry at the duties prescribed by the Tariff Act of 1922 was unauthorized and invalid.

The collector reliquidated the entry on the theory that the goods were dutiable under the Tariff Act of 1922, and as the importer protested against that reliquidation within the time prescribed by the act under which the reliquidation was made, it can not be said that the protest was untimely. The Government can not claim that the goods were, for protest purposes, subject to the Tariff Act of 1913 and for duty purposes amenable to the Tariff Act of 1922. Against the

liquidation made February 1, 1923, under the Tariff Act of 1913 the importer was bound to protest within 30 days as prescribed by that act, but that limitation of time did not apply to a protest against a reliquidation assessing duties under the Act of 1922. The Act of 1922 fixes 60 days as the time within which protests may be lawfully filed against liquidations made under its provisions. As the collector reliquidated the entry and subjected the goods to the duties imposed by paragraph 1430 of said act, we must hold that the importer's protest, having been filed within 60 days after such reliquidation, was filed in time.

The judgment of the United States Customs Court is *affirmed.*